## W. B. SMALL ET AL. v. A. J. RUSH.

Decided November 26, 1910.

**1.—Landlord and Tenant—Rents and Advances—Pleading.**

In a suit by a landlord for rents and advances, petition considered, and held not subject to exception on the ground that it did not give the different items of the account sued on nor the value thereof. The same particularity in pleading is not required in such case as in a suit upon an account, strictly speaking.

**2.—Same.**

The fact that, some time after a pair of mules were furnished by a landlord to his tenant to enable him to make a crop, that item of the indebtedness of the tenant to the landlord was closed by a promissory note, would not, in a suit by the landlord against the tenant for advances and supplies, including the item of the mules, render inadmissible testimony as to the value of the mules, it not appearing that the note was negotiable nor that it had been paid.

**3.—Same—Jurisdiction—Parties.**

In a suit for rent and to foreclose a landlord's lien, a party to whom the tenant had sold a part of the crop on which the landlord sought to foreclose his lien, would be a proper party defendant, and the District Court would have jurisdiction to foreclose the lien on said property in the possession of said third party and render judgment for the value thereof, though such value was less than $500.

Appeal from the District Court of Delta County.    Tried below before Hon. T. D. Montrose.

*J. L. Young,* for appellant W. B. Small.

*E. P. Scott* and *J. L. Young,* for appellant T. A. Johnson.

*Newman Phillips,* for appellee.

BOOKHOUT, ASSOCIATE JUSTICE.—This suit was instituted by A. J. Rush as plaintiff against W. B. Small and T. A. Johnson, defendants, in the District Court of Delta County, alleging, in substance, that plaintiff had leased a certain farm located in Delta County, Texas, to the said W. B. Small to be by him cultivated in corn and cotton during the year 1908.    The further allegations were made that said Small was to pay as rental for said land one-third of the corn and one-fourth of the cotton grown thereon; that on the following days and dates he furnished said tenant Small the following provisions, animals, tools and money which were necessary to enable him to make a crop on said farm during the year 1908:

| | | |
|---|---:|---:|
| February 18, 1908, Cash | $ 15 | 00 |
| May 18, 1908, Cash | 5 | 00 |
| June 10, 1908, Cash | 2 | 00 |
| July 25, 1908, Corn | 38 | 33 |
| July 10, 1908, Cash | 25 | 00 |
| Oats for seed | 5 | 50 |
| July —, 1908, 60 bales of hay | 15 | 00 |
| That during the spring and summer of 1908, provisions and supplies (the exact dates and the different amounts plaintiff can not give) furnished at the store of Oscar Anderson in Delta County | 287 | 00 |
| Provisions and supplies furnished at the store of C. E. Anderson of Delta County | 21 | 80 |
| And in like manner from the store of Burton-Peel in Paris, Tex. | 162 | 50 |
| November 28, 1907, two mules | 310 | 00 |

It was alleged that A. J. Rush, plaintiff, had a landlord's lien on all the crops to secure him in the payment for the rents and supplies, and that said W. B. Small had sold five bales of cotton grown upon plaintiff's farm to T. A. Johnson without the knowledge and consent of A. J. Rush.

A distress warrant was issued and levied upon five bales of cotton in the possession of T. A. Johnson. Johnson replevied the cotton. Johnson answered denying that he had purchased any cotton from W. B. Small upon which A. J. Rush had a lien, and further that if said Rush had ever had a lien on said cotton he, Rush, had given his permission for the sale thereof.

There was a trial, and the jury, under a peremptory instruction by the court, found in favor of plaintiff against the defendant Small individually for $99.90, and in favor of plaintiff against Small for $959.79 with a foreclosure of his landlord's lien as prayed for. The jury further found in favor of plaintiff for the five bales of cotton in the possession of Johnson, in the sum of $209.95 with a foreclosure of the lien thereon against said Johnson and the sureties on his bond. Judgment followed on the verdict, and defendants appealed.

The brief of appellant Small presents three contentions, which we feel called upon to consider.

1. That the court erred in overruling his exceptions to plaintiff's petition, which are to the effect that the petition did not itemize the accounts sued on, and did not give the different items and the value thereof. There was no error in this ruling. This is not a suit, strictly speaking, on an account, but a suit for money and property advanced and paid out by the landlord to enable the tenant to make a crop on the leased premises. The petition alleged the amount of cash advanced and the time it was advanced. It alleged the amounts paid out by the landlord to different stores for provisions and supplies for the tenant to enable him to make a crop. It further alleged the value of the mules furnished by the landlord to the tenant with which to make the crop.

2. There was no error in admitting the testimony of John Reed as to the account of the Burton-Peel Dry Goods Company. The testimony was admissible; but if it had not been, Small, in his deposition, admitted having purchased $162.50 worth of goods, the amount claimed in the petition, from said company, but he says his recollection is it was in 1907, instead of 1908. The other evidence shows beyond question it was in 1908.

3. Nor was there error in admitting evidence of the value of the mules furnished by Rush to his tenant Small. This testimony was not rendered inadmissible by reason of the fact that some time after the mules were so furnished this item was closed by the note of Small. The evidence did not show that the note was negotiable or that it had been paid.

The appellant Johnson complains that the court erred in the overruling of his plea to the jurisdiction of the court. His plea alleged

that the action as to him was separate and distinct from the action against Small, and the petition seeks to recover from him a sum less than $500, and the court was without jurisdiction as to him. This contention is not sustained. The suit was instituted by the landlord against his tenant to recover his rents and advances made to the tenant to enable him to make a crop on the rented premises. A distress warrant was sued out and levied upon five bales of cotton in the possession of appellant Johnson, which five bales were raised on the rented premises. The court had jurisdiction to determine whether the cotton in the possession of appellant was subject to a foreclosure, as sought by the appellee, and to foreclose the lien against it, even though the value of the cotton was under $500. Revised Statutes of Texas, articles 3235, 3236, and 3237; Templeman v. Gresham, 61 Texas, 50.

Again, it is contended by appellant Johnson that the court erred in peremptorily instructing the jury to find in favor of the plaintiff and against him and the sureties on his replevy bond for the five bales of cotton, and for the foreclosure of the landlord's lien in favor of plaintiff and against the said five bales of cotton, for the reason that the evidence showed that plaintiff had contracted with defendant Small to divide the proceeds of the cotton raised by Small, and had instructed Small to sell the cotton. This contention is not sustained. The evidence did not show that Small, the tenant, was authorized or had been instructed to sell the cotton. The cotton having been raised by the tenant on the rented premises and removed by the tenant without the consent of the landlord and conveyed to Johnson, it was liable for the landlord's lien thereon. Zapp v. Johnson, 87 Texas, 641; York v. Carlisle, 19 Texas Civ. App., 269 (46 S. W., 257); Sanger v. Magee, 29 Texas Civ. App., 397 (69 S. W., 234).

The court did not err in instructing a verdict for plaintiff. The evidence was such that no two reasonable minds could have differed as to the amount due by the tenant to the landlord for rents and advances, or the amount which appellant Johnson was liable for on his bond.

The judgment is affirmed. *Affirmed.*

Writ of error refused.