TEXAS & P. RY. CO. v. GRAHAM & PRICE.
(No. 389.)

(Court of Civil Appeals of Texas. El Paso. Feb. 11, 1915. Rehearing Denied March 11, 1915.)

1. APPEAL AND ERROR ⊚⇒1051 — HARMLESS ERROR — ERRONEOUS ADMISSION OF EVIDENCE.

Error in permitting a witness to testify to a fact established by agreement of the parties is harmless.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4161–4170; Dec. Dig. ⊚⇒1051.]

2. CARRIERS ⊚⇒228—DELAY IN TRANSPORTATION OF LIVE STOCK—EVIDENCE—ADMISSIBILITY.

Where, in an action against a carrier of live stock for delay in transportation, there was evidence that part of the cattle were sold at Ft. Worth and the balance at Kansas City, evidence of the condition of the cattle at Ft. Worth, if properly handled, was admissible as to the cattle sold there.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 957–960; Dec. Dig. ⊚⇒228.]

3. EVIDENCE ⊚⇒341 — PUBLIC DOCUMENTS—CERTIFIED COPIES.

Where public documents are admissible if produced, but cannot, without inconvenience to the public interest, be removed from their place of custody, certified copies or copies verified by some person who has seen the original are admissible, but copies not so shown to be correct are inadmissible.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1289–1292; Dec. Dig. ⊚⇒341.]

4. EVIDENCE ⊚⇒150 — PUBLIC DOCUMENTS — EXPERIMENTS.

A party seeking to introduce in evidence public documents showing the results of experiments must show that the conditions under which the experiments were made were similar to the conditions involved in the case.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 439; Dec. Dig. ⊚⇒150.]

5. APPEAL AND ERROR ⊚⇒499 — QUESTIONS REVIEWABLE—GIVING AND REFUSAL OF INSTRUCTIONS.

An assignment of error to the giving and refusing of charges will be overruled where there are no bills of exception in the record as provided by Revised Statutes as amended in 1913 (Acts 33d Leg. c. 59).

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2295–2298; Dec. Dig. ⊚⇒499.]

Appeal from District Court, Ector County; S. J. Isaacks, Judge.

Action by Graham & Price against the Texas & Pacific Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Jno. B. Howard, of Pecos, and Geo. Thompson and R. S. Shapard, both of Dallas, for appellant. Frank Judkins, of Odessa, for appellee.

HARPER, C. J. Appellee instituted this suit against appellant for $1,920 damages to a shipment of cattle, alleged to have been occasioned by unreasonable delays between the point of shipment, Odessa, and Ft. Worth, Tex., in part, and Kansas City, in part; that by reason of the failure to unload and feed said cattle, they were reduced in value, in that they shrunk in weight, and, by reason of their appearance, brought less upon the market when sold; that the company knew that they were being shipped to market, etc.

Appellant answered, specifically denying negligence upon its part in the shipment; that the only delay of any consequence was caused by an accident to one of its engines, not caused through any fault or negligence upon the part of its agents, servants, or employés; that the bill of lading upon which the cattle were shipped limited liability to its own line—not a through shipment.

Tried before jury, and verdict and judg-

ment for $1,750, from which this appeal is taken.

[1] The first assignment charges that the court erred in permitting witness to testify to the shrinkage of the cattle between Odessa and Ft. Worth because of the delay. The witness having qualified to give an opinion, such opinion was admissible, at least, as to the cattle sold at Ft. Worth. The witness testified that "the shrinkage would be something like 40 pounds, and the parties agreed that the shrinkage upon the bunch sold at Ft. Worth was 49 pounds each";· so, if error, it was harmless.

[2] The second assigns error in the court permitting witness Price to testify that, if the cattle had had a proper fill at Ft. Worth, "I venture to say that there would not have been ten pounds difference in their weight compared to their weight at point of shipment." The reason given for the objection is that the cattle were not sold at Ft. Worth, and the test being their weight at Kansas City, and it not being shown that their condition in Ft. Worth affected their shrinkage at Kansas City, the testimony was not admissible. Some of the cattle were sold in Ft. Worth, and, as to those, the testimony was admissible.

[3] The third charges error in refusing to allow the defendant to introduce in evidence United States government report of tests made of the shrinkage of other cattle under similar circumstances, issued in the form of a printed bulletin. The principle, as gathered from the authorities, is that wherever documents of a public nature would themselves be evidence if produced, and which could not, without inconvenience to the public interest, be removed from their place of custody, certified copies or copies verified· by some person who has seen the original are admissible, and in the absence of such proof of correct copies are not admissible. Smithers v. Lowrence, 100 Tex. 77, 93 S. W. 1064.

[4] And it would seem that in this case, the evidence sought to be introduced being in the nature of experiments, the party seeking to introduce must also show that the material facts show that similar conditions existed. Riggs v. Railway Co., 216 Mo. 304, 115 S. W. 969. And, there being no evidence here that the pamphlets were authentic, nor that the conditions and facts under which the experiments were made were similar, the bulletin was not admissible.

[5] The fourth, fifth, and sixth assign error in charges given and refused by the court. There being no bills of exception in the record, as provided by Revised Statutes of 1911, as amended 1913, they are overruled. St. Louis S. W. Ry. Co. v. Wadsack, 166 S. W. 42.

The seventh is that the evidence does not substantiate the amount for which the verdict was rendered.

It is agreed that the 320 head of cattle shipped weighed 290,200 pounds at the point of shipment; that 22 head were sold at Ft. Worth at a shrinkage of 49 pounds per head, and 298 were sold at Kansas City at a loss of 71 pounds per head. The testimony, uncontradicted, is that, if the cattle had had a reasonable run to Ft. Worth, not more than 26 hours, the loss on account of shrinkage would not have been more than 10 per cent. This, with other testimony, sufficiently established that the loss was occasioned by the unreasonable delays. The further testimony, also uncontradicted, is that, by reason of their appearance as a result of the shrinkage, the loss was 50 cents per 100 pounds in the price which they would command upon the market.

· This evidence would sustain a much larger verdict than that rendered.

There being no error in the record, the judgment must be affirmed; and it is so ordered.

Affirmed.