## HALL v. JOHNSON et al. (No. 601.)

(Court of Civil Appeals of Texas. Beaumont. Nov. 4, 1920. Rehearing Denied Nov. 17, 1920.)

**1. Appeal and error ⊂⊃771—Brief filed late under stipulation not stricken.**

A motion to strike out appellant's brief on the ground that it was not filed in due time will not be granted, where there was an agreement of the parties that briefs might be filed any time before submission of the cause in the appellate court.

**2. Pleading ⊂⊃8(17) — Answer should plead facts on which based.**

In an action by a lessor of stock to recover one-half the difference in value between animals dying and those replacing them, as required by the agreement, an allegation in the answer that "the death of said cattle was wholly due to plaintiff's negligence" was a conclusion and insufficient.

**3. Pleading ⊂⊃32—Exception to allegation as to agreement not appearing in written agreement sued on should have been sustained.**

In an action on a written contract of lease of a farm and dairy stock, an exception to allegations in defendant's cross-bill that plaintiff failed to furnish an engine as he had promised and agreed to do should have been sustained, plaintiff not having agreed to furnish such engine under the written contract, in the absence of a showing in the cross-bill of a new contract on a valuable consideration.

---

⊂⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. Evidence 🔗441(4)—Parol evidence inadmissible to show matter not contained in written contract.**

In an action on a written contract of lease of a farm and dairy stock, defendant was not entitled to show an agreement on the part of the plaintiff to furnish an engine, where plaintiff had not agreed to furnish such engine under the written contract, in the absence of a showing in defendant's cross-bill that it was a new contract on a valuable consideration.

**5. Landlord and tenant 🔗262(2) — One to whom tenant sold part of crops proper party to action to enforce lien.**

In a suit against a tenant to enforce a landlord's lien for rent, one to whom the tenant has sold part of the crops may be made party defendant.

**6. Trial 🔗351(2)—Requested issues should be submitted separately.**

Requested issues should be submitted to the trial judge separately, and not altogether as a complete charge.

Appeal from District Court, Nacogdoches County; L. D. Guinn, Judge.

Action by J. Thos. Hall against E. H. Johnson and others. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

V. E. Middlebrook, of Nacogdoches, for appellant.

S. M. Adams, A. A. Seale, and Harris & Harris, all of Nacogdoches, for appellees.

WALKER, J. [1] There is no merit in the motion to strike out appellant's brief, on the ground that it was not filed in due time, in view of the following agreement of the parties:

"It is agreed that briefs may be filed, originally, in the Court of Civil Appeals, without filing brief in the trial court, and that the brief may be filed any time before submission of the cause, in the Court of Civil Appeals, in the above styled and numbered cause."

The assignments on which we are disposing of the case are not subject to the other objections urged.

[2] This suit grew out of an alleged breach of a written contract of lease. Under this contract, appellant delivered to appellee E. H. Johnson a certain farm and dairy stock held by him on the leased premises, on the following conditions:

"Also if one of the head or any of the given stock shall die, it shall be replaced by one of the increase, but in that event the party of the first part, shall pay one-half the difference in value of the two animals, to the party of the second part."

While the cattle were in Johnson's possession, three of them died. Answering appellant's plea for damages, by reason of this fact, he pleaded that "the death of said cattle was wholly due to plaintiff's negligence." The special exception urged was fatal to this answer. He should have pleaded the facts on which this answer was based, instead of stating a conclusion.

[3, 4] Again, under the contract, appellant was to furnish Johnson, for use in cultivating the leased premises, "all the farm wagons, tools, implements, and machinery for the cultivation of crops and the harvesting thereof now on said farm, and as listed and attached hereto." In his cross-bill, Johnson alleged:

"Plaintiff failed and refused to furnish an engine for the purpose of being used to cut and and lift the silage as plaintiff had contracted to do and because of such failure on plaintiff's part, silage to the value of $250.00 rotted and was lost to this defendant, such loss being the direct and proximate result of plaintiff's failure to furnish an engine as he had promised and agreed to do and defendant says that he would not have taken possession of the premises and undertaken the task had he known plaintiff would refuse to furnish said engine."

This allegation was duly excepted to by appellant, on the ground that under the written contract he had not agreed to furnish such an engine; also, he objected to the admission of testimony under this allegation. This exception should have been sustained, and the testimony offered should have been excluded. Under the written contract, appellant had not agreed to furnish such an engine. Unless Johnson, by amending his cross-bill, shows a new contract on a valuable consideration, this issue should not go to the jury.

[5] Appellant, alleged that Gee, Hunt & Parmley purchased from Johnson certain of the crops, grown on the leased premises. He made them parties defendant, and asked judgment against them for the value thereof. He also prayed for a foreclosure of the landlord's lien against all of the defendants on all crops grown on the premises. The court erred in dismissing these parties from the suit on Johnson's demurrer. The rule is correctly stated in the syllabus to Small v. Rush, 63 Tex. Civ. App. 126, 132 S. W. 874, as follows:

"The amount involved, as against the tenant, in a suit against the tenant to enforce a landlord's lien for rent and supplies, as given and preserved by Rev. St. 1895, art. 3232–3237, being enough to give the court jurisdiction, it has jurisdiction as against one to whom the tenant had sold part of the crop, on which a distress warrant was levied, though the value of such part was insufficient to give the court jurisdiction."

See, also, Templeman v. Gresham, 61 Tex. 50; Hall v. Hall, 11 Tex. 526, and Peticolas v. Carpenter, 53 Tex. 27.

---

🔗For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[6] Should appellant make the request, on another trial, this case should be submitted on special issues. This record shows this was not done, though the error was called to the court's attention, both by exception to the charge as given and by submitting a list of issues arising under the pleadings of the parties. The assignment, based on this ruling of the court, is clearly multifarious, and, as presented, does not constitute reversible error. But, as the case must be reversed on the assignments above discussed, this error should be called to the attention of the trial court. Requested issue should be submitted to the trial judge separately, and not all together, as a complete charge, as was done in this case.

Reversed and remanded for a new trial.