## SILVERS v. PAYNE et al. (No. 312.)

(Court of Civil Appeals of Texas. Waco. March 4, 1926. Rehearing Denied April 1, 1926.)

1. **Corporations** ⚖©⇒121(4)—**Special exceptions to portion of cross-complaint giving history of transaction whereby cross-defendant acquired possession of stock, for return of purchase price of which cross-complainant and defendant were sued, held properly overruled.**

Where, in action to recover money paid for stock, one of defendants filed a cross-action against other, alleging that he was liable, if at all, only as surety for codefendant, and that codefendant had made false representations to cross-complainant that stock belonged to corporation in which cross-complainant was interested, court did not err in overruling special exceptions to portion of cross-complaint, giving history of transactions whereby codefendant acquired possession of such stock.

2. **Appeal and error** ⚖©⇒1051(3)—**Improper admission of evidence to establish a fact becomes harmless, if thereafter fact is admitted or shown to be absolutely true.**

Improper admission of evidence to establish a certain fact becomes harmless, if thereafter

such fact is admitted or shown to be absolutely true.

**3. Trial ☞356(5)—Special issue held immaterial, and acceptance of verdict, without such issue having been answered, was not error.**

In cross-action between defendants, sued for recovery of money paid for stock, in which cross-complainant claimed to be surety for other defendant, special issue as to whether he received part of commission on sale *held* immaterial, and hence acceptance of verdict in which it was not answered was not error.

**4. Jury ☞110(9)—Complaint that jury wheel was filled from tax list in tax collector's office rather than from tax list in tax assessor's office cannot be raised for first time on motion for new trial (Rev. St. 1925, arts. 2094, 2095, 2131).**

Complaint that jury wheel was filled from tax list in tax collector's office, rather than from tax list in tax assessor's office, as required by Rev. St. 1925, arts. 2094, 2095, cannot be raised for first time on motion for new trial, in view of article 2131.

Appeal from District Court, McLennan County; Sam R. Scott, Judge.

Action by Mrs. Myra A. Payne and others against Robert O. Silvers and R. S. Lazenby, wherein the last-named defendant filed cross-action against the first-named defendant. From a judgment against defendants jointly, with the provision that the first-named defendant is primarily and the second-named defendant secondarily liable therefor, the first-named defendant appeals. Affirmed.

Spell, Naman & Penland, of Waco, for appellant.

Sleeper, Boynton & Kendall and Williamson & McDonnell, all of Waco, for appellees.

BARCUS, J. Appellee Mrs. Payne brought this suit against R. S. Lazenby and R. O. Silvers to recover $8,500, with interest. She alleged that on October 9, 1920, she purchased and paid cash for $7,500 worth of stock in Circle A Corporation of America; that she was induced to and did purchase same because of the representations and written guaranties made jointly by Silvers and Lazenby, whereby each of them agreed that, in consideration of her purchasing same, they would guarantee her an income thereon of $500 a year for three years, and that at the expiration thereof, if she desired, they would take said stock off of her hands at the price she paid therefor. She alleged that they paid the first yearly payment of $500, but had failed to pay the last two annual payments of $500 each, and had refused to take and pay her for said stock.

Each of the defendants, in reply to Mrs. Payne's petition, answered by general demurrer, general denial, and a failure of consideration.

Lazenby filed a cross-action against Sil-

vers, in which he alleged that he was liable, if at all, only as a surety for R. O. Silvers; that a short time prior to the time of the sale of the stock to Mrs. Payne he (Lazenby) owned a very lucrative business in Waco engaged in the manufacture and sale of soft drinks; that he made a sale of all the assets of said business to A. Silvers, E. J. Silvers, and I. Friedlander, with the understanding that said parties would organize a corporation to take over said properties, and for said properties, which were to be transferred to and become part of the assets of the new corporation, he was to receive $250,000 in cash and $500,000 in stock in the new corporation; that thereafter the said parties did, under the laws of Virginia, organize the Circle A Corporation of America with an authorized capital of about $5,000,000, and he transferred said properties to said corporation. He alleged further that the said Circle A Corporation, without receiving any consideration therefor, transferred all of its corporate stock to the National Securities Company, an organization controlled and owned by the said A. Silvers, E. J. Silvers, and I. Friedlander, and that the National Securities Company thereafter, without any funds being paid to the Circle A Corporation, transferred to his codefendant, R. O. Silvers, a large block of stock in said Circle A Corporation; and that the stock sold to Mrs. Payne was as a matter of fact stock that belonged to said R. O. Silvers individually. He alleged that, at the time he signed the contract with R. O. Silvers for Mrs. Payne, R. O. Silvers represented to him that the stock which he (Silvers) was selling to Mrs. Payne was the stock of the Circle A Corporation, and that the money which Mrs. Payne was to pay was to go into the Circle A Corporation, and that R. O. Silvers further represented to him (Lazenby) that the stock of the Circle A Corporation was selling rapidly, and that within 90 days there would be at least $1,000,000 of said stock sold, and the money would be in the treasury of the corporation, and that he (R. O. Silvers) would personally guarantee to Lazenby that he would stand between him and any liability on the contract which they were giving to Mrs. Payne; that by reason of his having a large amount of stock in the corporation he was interested in its success; and that he signed the contract as surety for and at the request of R. O. Silvers, on his representations that the stock was the stock of the Circle A Corporation, and that the funds were going into the treasury of said corporation, and that he (Lazenby) would be protected against any loss, and that he would not have signed same except for said representations.

R. O. Silvers, in reply to said cross-action, specially excepted to that portion which attempted to give a history of the sale by La-

zenby to E. J. Silvers and others and of the sale of the stock of the Circle A Corporation to the National Securities Company and the method by which R. O. Silvers obtained possession of said stock, claiming that same was irrelevant and immaterial to any issue, and that it was prejudicial to his rights, in that it would likely confuse the minds of the jury. He further answered by general demurrer and general denial.

The cause was tried to a jury, and at the conclusion of the testimony the court instructed the jury to return a verdict in favor of Mrs. Payne against the defendants jointly and severally, and submitted the cause as between Lazenby and Silvers to the jury on special issues. In response to said issues, the jury found that, before and at the time the contract sued on by Mrs. Payne was executed, R. O. Silvers represented to Lazenby that he was selling to Mrs. Payne stock which belonged to the Circle A Corporation of America, and that the money derived from said sale would become part of the assets of the Circle A Corporation of America, and that Lazenby relied on each of said representations. They further found that Lazenby was a surety or secondarily bound on said contract, and that R. O. Silvers was primarily obligated thereon to Mrs. Payne. Based on said findings and additional findings by the court, judgment was entered in favor of Mrs. Payne against Lazenby and Silvers jointly for $9,399.50, and the judgment provides that R. O. Silvers is primarily and Lazenby secondarily liable therefor, and that for any part of said judgment which Lazenby is required to pay he may have execution against Silvers. Silvers alone appeals.

[1] There is no complaint made by either of the parties as to the judgment rendered in favor of Mrs. Payne. Appellant complains of the action of the trial court in overruling his special exceptions to that portion of Lazenby's pleadings which attempted to give the history of the transactions that led up to the organization of the Circle A Corporation and the transfer of its stock to the National Securities Company, and the transfer by it of certain portions of said stock to the appellant, Silvers, and also of the action of the trial court in permitting Lazenby to offer in evidence certain portions of the minutes of the Circle A Corporation. We do not think there was any error in the action of the trial court in overruling said special exceptions. He was entitled to plead and show the surroundings, connections, and relationships of the various parties to the transactions, in order that the jury might determine whether his contention was correct that he was a surety on said contract for his codefendant, Silvers, and determine whether Silvers had made any false representations which induced him to sign the contract.

[2] Appellee Lazenby offered in evidence certain portions of the purported minutes contained in the minute book of the Circle A Corporation, which gave the charter of the corporation and a resolution duly adopted by the directors, by which all of its corporate stock was sold and transferred to the National Securities Company. Appellant objected to said minutes being read to the jury, because same had not been properly authenticated. Appellant and appellee both in their briefs state that said evidence was offered by appellee Lazenby for the purpose of showing that the stock of the Circle A Corporation that was sold to Mrs. Payne did not in fact belong to the Circle A Corporation, and that the money derived therefrom did not go into the treasury of said corporation. Appellant, after said minutes were offered in evidence, took the stand and testified that the National Securities Company was obligated to pay Lazenby $100,000 on the contract which Lazenby had made with E. J. Silvers and others, whereby said Lazenby had sold to said E. J. Silvers and others his properties, which were thereafter transferred to the Circle A Corporation; that he (R. O. Silvers) and his associates in Waco had advanced said $100,000 to the National Securities Company with which to make said payment to Lazenby, and that, in consideration thereof, the National Securities Company had sold and transferred to him and his associates more than $100,000 of stock in the Circle A Corporation, and that the stock which had been sold to Mrs. Payne was a portion of this stock, and that the stock which Mrs. Payne purchased was his individual stock, and that the money which Mrs. Payne paid for her stock was retained by him individually. In view of said testimony by appellant himself, it is unnecessary for us to, and we do not, determine whether said minute book was properly authenticated in order to authorize its introduction in evidence. Where evidence to establish a certain fact has been improperly admitted, it becomes harmless if thereafter the facts that were attempted to be established by said evidence are admitted or shown to be absolutely true. 4 C. J. p. 978; Texas & Pacific Ry. Co. v. Graham (Tex. Civ. App.) 174 S. W. 297; Huff v. Crawford (Tex. Civ. App.) 32 S. W. 592; Allen v. Clearman, 128 S. W. 1140, 60 Tex. Civ. App. 589; Small v. Rush, 132 S. W. 874, 63 Tex. Civ. App. 126.

[3] Appellant complains of the action of the trial court in accepting the verdict of the jury and rendering a judgment thereon, because the jury failed to answer an issue submitted to it as to whether Lazenby received one-half of a 5 per cent. commission or a total of $187.50 on the sale of the stock to Mrs. Payne. Silvers testified that he (Silvers) received a 5 per cent. commission for selling the stock to Mrs. Payne, and that he divided same with Lazenby and. gave him $187.50 thereof. This Lazenby denied, and that is-

sue was, over objection on the part of Lazenby submitted to the jury. The jury reported that they were unable to answer said issue, but did answer all the other issues submitted to them. There was no error in the court's accepting the answers of the jury to the other issues submitted and rendering a judgment thereon, notwithstanding the fact that said issue was not answered. The issue as submitted was not a material issue, and if the jury had answered that Lazenby received one-half of said commission, it would not and could not have in any way affected the judgment of the trial court. Where an immaterial issue has been submitted, it is not error for the court to accept the verdict and render judgment thereon without said issue being answered. Reliance Life Ins. Co. v. Beaton (Tex. Civ. App.) 187 S. W. 743; Coons v. Lain (Tex. Civ. App.) 168 S. W. 981.

[4] Appellant further complains of the action of the trial court in refusing to grant him a new trial because the jury which tried the issues was improperly drawn. Appellant claims that the jury wheel in McLennan county was filled from the tax list in the tax collector's office rather than from the tax list in the tax assessor's office, as required by articles 2094 and 2095 of the Revised Statutes. This question was not raised until after the verdict of the jury was returned, and was raised for the first time on motion for new trial. A party cannot for the first time after a verdict is returned challenge the jury panel nor an individual juror for any irregularity in the method by which the jury was drawn. 35 C. J. pp. 368 and 376; Rice v. Dewberry (Tex. Civ. App.) 93 S. W. 715; Hart v. State, 150 S. W. 188, 67 Tex. Cr. R. 497; St. L. B. & M. Ry. Co. v. Broughton (Tex. Civ. App.) 212 S. W. 664; Stratton v. Riley (Tex. Civ. App.) 154 S. W. 606; article 2131, Revised Statutes.

We have examined all of appellant's assignments of error, and same are overruled. The judgment of the trial court is affirmed.