### W. T. THOMAS v. TUCKER, ZEVE & COMPANY.

Decided October 19, 1905.

**1.—Landlord's Lien—Supplies—Pasturage.**

Where a rent contract included the pasturage of work stock owned and used by the tenant in cultivating the leased farm and of cows from which he obtained milk for his family during the tenancy, the pasturage came under the head of supplies for which the statute gives a landlord's lien.

**2.—Same—Conversion of Crop.**

The appropriation by a member of a firm to its use of cotton raised by a tenant on a leased farm, and within 30 days after it had, without the landlord's consent, been removed from the leased premises, renders the firm liable for the landlord's lien claim in an amount not exceeding the value of the cotton.

Appeal from the District Court of San Augustine. Tried below before Hon. Tom C. Davis.

*W. T. Davis* and *C. L. Foster,* for appellant.

PLEASANTS, ASSOCIATE JUSTICE.—Appellant brought this suit in a Justice Court of San Augustine County against his tenant, J. C. Nations, upon an account for rents, supplies and advances, and against appellees for the conversion of two bales of cotton upon which he claimed a landlord's lien to secure the payment of said account. A trial in the Justice Court resulted in a judgment in favor of appellant against all of the defendants for the full amount of his claim. From this judgment Tucker, Zeve & Co. appealed to the District Court, and upon a trial de novo therein a like judgment was again rendered against them. From this judgment they prosecuted an appeal to this court, and at a former term we reversed and remanded the cause for a new

trial. (Vide 9 Texas Ct. Rep., 962.) Upon the trial in the District Court, from which this appeal is prosecuted, appellant recovered a judgment against appellees in the sum of $6.

The account against Nations, upon which the suit was brought, is as follows:

"J. C. Nation, in Account with W. T. Thomas, for the year 1902.

| | | | |
|---|---|---|---|
| March 1. | To 1 John Deer Plow | | $ 9.75 |
| | " ½ bu. Meal | | .50 |
| Feb. | " 10 yds. Calico | | .60 |
| Aug. | " Cash | | 30.00 |
| Sept. | " Bagging and Ties | | 2.56 |
| | " Team Hire | | 4.00 |
| | " Pasturage for 6 Head Stock from March 1 to Oct. 16, at 50c per Head per Month | | 18.00 |
| | " Rent in 1,040 lbs. Lint Cotton at 8c per lb. | | 20.80 |
| Oct. 18. | " 1 bbl. Flour | | 4.75 |
| | | | $90.95 |
| Oct. 20. | By 369¾ lbs. of Lint Cotton at 7 2-5c per lb. | | 27.36 |
| | Balance due | | $63.59" |

The undisputed evidence shows that the item of $20.80 set out in this account was due appellant by Nations for rent of appellant's farm for the year 1902, and that the remaining items, except that of "$4 for hire of team," were due for supplies and advances furnished by appellant to Nations to enable him to make a crop upon said farm. The item of $18 for pasturage was shown to have been for the pasturage of the work stock owned and used by Nations in cultivating the farm, and for his cows, from which he obtained milk for his family during the time he was cultivating said farm. The contract for this pasturage was included in the rent contract, and we think it clear, under these facts, that pasturage so furnished comes under the head of supplies, for which the statute gives a landlord's lien.

Upon the former appeal, as shown by our opinion above cited, there was nothing· in the evidence appearing in that record to indicate the purpose for which the pasturage was furnished, or any connection between the pasturage contract and that for the rent of the farm, and we therefore held that no lien for this item was shown. The difference between the facts in that record and those now before us, as above set out, is obvious, and requires us to sustain appellant's claim for a lien for said item.

It was further shown by the undisputed evidence that appellee Hal Tucker received for appellee firm, of which he was a member, and appropriated to the use of said firm, two bales of cotton which were raised by Nations in the year 1902 upon the farm rented from appellant. The value of this cotton exceeded the amount of appellant's claim, and it was appropriated by appellees within less than thirty days after it had, without the consent of appellant, been removed from the rented premises. These facts render appellees liable to appellant for the full amount

of his judgment against Nations, less the item of $4 above set out, and judgment should have been so rendered in the court below.

The facts being undisputed, the judgment of the court below will be reversed, and judgment here rendered in favor of appellant against the appellees for the sum of $59.59, and it is so ordered.

*Reversed and rendered.*