POULTER v. SOUTHWEST 'NAT. BANK OF KANSAS CITY, MO.

(Court of Civil Appeals of Texas. Ft. Worth. March 9, 1912.)

COURTS (§ 121*)—JURISDICTION—AMOUNT INVOLVED—HOW DETERMINED.

In determining whether a court has jurisdiction on foreclosure of a chattel mortgage, the value of the chattels mortgaged, and not the amount due, determines the amount in controversy.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 413–426, 428; Dec. Dig. § 121.*]

Appeal from Tarrant County Court; C. T. Prewett, Judge.

Action by the Southwest National Bank of Kansas City, Mo., against John L. Poulter. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

John L. Poulter, of Ft. Worth, pro se. Dedmon, Davis & Potter, of Ft. Worth, for appellee.

SPEER, J. The appellee concedes that the judgment below must be reversed, and the cause remanded, because the petition fails to disclose that the county court of Tarrant county for civil cases had jurisdiction of the subject-matter. The petition sought a recovery upon a promissory note for the sum of $350 and attorney's fees, together with foreclosure of a mortgage lien on certain personal property, the value of which was not alleged. It is the rule that the value of the personal property upon which a chattel mortgage is sought to be foreclosed determines the amount in controversy, rather than the sum evidenced by the note secured by the lien. Stricklin v. Arrington, 141 S. W. 189.

Reversed and remanded, at appellant's cost.