HAWTHORN, v. COATES BROS. et al.
(No. 1946.)

(Court of Civil Appeals of Texas. Texarkana.
April 2, 1918. Rehearing Denied
April 18, 1918.)

1. LANDLORD AND TENANT ⊂⊃241—LIEN FOR
ADVANCES—STATUTE.
A contract that the landlord furnish everything except the labor to make and gather the crops, and that he have one-half of all crops and all of the cotton seed, is plainly excepted by proviso to Vernon's Ann. Civ. St. Supp. 1918, art. 5475, giving landlords a preference lien on the crops for advances.

2. CONSTITUTIONAL LAW ⊂⊃244—LANDLORD'S
LIEN—CONSTITUTIONALITY OF STATUTE.
Vernon's Ann. Civ. St. Supp. 1918, art. 5475, giving landlord lien upon crops grown by the tenant to secure advances, is not unconstitutional because its operation is restricted to certain classes of contracts.

3. CONSTITUTIONAL LAW ⊂⊃161 — OBLIGATION OF CONTRACTS—LIEN.
A lien created by statute for payment of a debt is but part of remedy afforded for its collection, and the remedy simply acting on property is no part of the obligation of a contract.

Appeal from Kaufman County Court; J. P. Coon, Judge.

Suit by R. C. Hawthorn against Pierce Hubbard, in which Coates Brothers were made defendants. From a judgment for plaintiff as against Hubbard and that plaintiff take nothing as against Coates Brothers, plaintiff appeals. Affirmed.

R. C. Hawthorn owns 90 acres of land which he rented to Pierce Hubbard for agricultural purposes for the year 1916. Coates Bros. obtained a money judgment against Pierce Hubbard, and caused to be levied an execution on five bales of the cotton raised by Pierce Hubbard on the rented premises during the year 1916. Then R. C. Hawthorn as landlord brought this suit against Pierce Hubbard, the tenant, for the balance due for rent and for the supplies and advances to make the crop, and to foreclose a lien on the five bales of cotton. Coates Bros. were made defendants in this case, the plaintiff claiming against them a superior lien on the cotton. The petition alleged a rental contract as follows:

"The plaintiff agreed to furnish the defendant Hubbard 90 acres of land and the teams and tools to cultivate the same. The defendant agreed to cultivate the land and to deliver plaintiff as rent one-half of all the crops raised on the land during the rental year and to pay 10 per cent. interest on all the moneys, supplies, and labor furnished by plaintiff to defendant to enable the defendant to make the crop. It was further agreed that the plaintiff was to have all the cotton seed arising from the seed produced by the defendant on the land during said rental year. It was agreed that the plaintiff should pay all expense of wrapping and ginning the cotton and was to furnish feed for all the animals necessary to make and raise the crop."

And to that part of the petition setting up the rental contract the defendants Coates Bros. entered an exception reading as follows:

"The petition shows on its face a rental contract in contravention of the laws of the state, and the plaintiff has no landlord's lien to foreclose as against the defendants Coates Bros."

The court sustained the special demurrer and then, entered judgment in favor of the plaintiff against the tenant, on his answer, for the amount of the debt sued for; and further that the plaintiff take nothing by his suit against Coates Bros. The appeal is by the plaintiff to revise the ruling of the court sustaining the demurrer.

Woods & Morrow, of Kaufman, for appellant. Wynne & Wynne, of Kaufman, for appellees.

LEVY, J. (after stating the facts as above). [1] The act in question gives a preference lien to a landlord upon the crops raised by the tenant on the rented premises for the rent and for the amount of the money, animals, tools, supplies, and provisions furnished by the landlord to the tenant. But the proviso of the article reads:

"Provided, however, this article shall not apply in any way nor in any case where any person leases or rents lands or tenements at will or for a term of years for agricultural purposes where the same is cultivated by the tenant who furnishes everything except the land, and where the landlord charges a rental of more than one-third of the value of the grain and more than one-fourth of the value of the cotton raised on said land; nor where the landlord furnishes everything except the labor and the tenant furnishes the labor and the landlord directly or indirectly charges a rental of more than one-half of the * * * grain and more than one-half of the * * * cotton raised on said land, and any contract for the leasing or renting of land or tenements at will or for a term of years for agricultural purposes stipulating or fixing a higher or greater rental than that herein provided for shall be null and void, and shall not be enforceable in any court in this state by an action either at law or in equity, and no lien of any kind, either contractual or statutory, shall attach in favor of the landlord, his estate or assigns, upon any of the property named, nor for the purpose mentioned in this article." Acts 34th Leg. p. 77 (article 5475, Vernon's Stat. Supp. 1918.)

The proviso quoted plainly by its terms excepts and excludes a special class of contracts made by the landlord with the tenant from any lien upon the crops therefor. As the proviso is there used for the purpose of taking special cases out of a general class, it has the effect to prevent the lien created by statute from attaching at all upon the crops in the special cases defined. And therefore the article, in the light of the proviso, should be construed as providing and limiting a statutory landlord's lien upon crops to those landlords making certain class of rental contracts with tenants. Accordingly, it devolved upon the plaintiff in this case, in order to predicate the right to a statutory landlord's lien, to allege a rental contract within the terms of the law from which such a lien results. And looking to the terms of the alleged rental contract upon which

the plaintiff predicated a statutory landlord's lien upon the cotton in controversy, the landlord was to furnish everything but the labor necessary to make and gather the crops to be raised on the land by the tenant during the rental year. And, as provided, the yearly rental to be paid the landlord by the tenant was (1) "one-half of all the crops raised on the land" and (2) "all the cotton seed arising from the seed cotton produced on the land." The alleged contract, it is concluded, is not within that class of contracts made by the landlord with the tenant that the statute gives the landlord's lien upon the crops therefor. Statutory liens cannot be extended by the courts to cases not provided for by the statute. Therefore the trial court, it is thought, did not err in holding that the plaintiff did not have a statutory landlord's lien on the cotton as predicated on the alleged rental contract.

[2, 3] The act is assailed by the appellant as unconstitutional. The point here involved is precisely that of a statutory lien. There is no objection on constitutional grounds to statutes giving landlords a lien where the law is made to apply to all of a class. 24 Cyc. p. 1250; 16 R. C. L. § 497; State v. Elmore, 68 S. C. 140, 46 S. E. 939. For a lien created by statute for the payment of a debt is but part of the remedy afforded by law for its collection. Cooley, Const. Lim. p. 405. And the remedy given by law, which simply acts upon property, is no part of the obligation of a contract. 3 Page on Contracts, § 1765; 3 Elliott on Contracts, § 2721. The Legislature, having the power to make the law in the first instance, has also the power to restrict and limit its operation to only those landlords making a certain class of contract with tenants.

In the absence, as here, of a statement of facts, the other assignments of error may not be considered.

The judgment of the trial court is affirmed.