## RUTLEDGE v. MURPHY. (No. 6548.)

(Court of Civil Appeals of Texas. San Antonio. April 30, 1921.)

**Landlord and tenant ⚖=321—Contract of landlord for one-third of cotton crop held valid.**

Landlord and Tenant Act (Rev. St. art. 5475), making a contract for a rental in excess of one-fourth of the cotton crop void where tenant "furnishes everything except the land," did not affect validity of a contract giving landlord, who furnished tenant a dwelling in which to live, pasture for his stock, and ground for a garden, a one-third share of the crops.

Appeal from Johnson County Court; O. O. Chrisman, Judge.

Action by S. B. Rutledge against L. A. Murphy. Judgment for defendant, and plaintiff appeals. Reversed and rendered.

J. I. Kilpatrick, Jr., and Walker & Baker, all of Cleburne, for appellant.

J. B. Haynes, of Cleburne, for appellee.

SMITH, J. The jury found that appellee rented certain land from appellant and contracted to deliver to him as rental therefor one-third of the cotton produced by him thereon. The trial court, however, held that this contract was void as being in violation of the provisions of the so-called Landlord and Tenant Act of this state (Rev. St. art. 5475), which declare "null and void" any contract between landlord and tenant by the provisions of which a rental in excess of one-fourth of the crop is charged and given for the use of cotton land where the tenant "furnishes everything except the land." It was undisputed that the land in question was particularly desirable for several reasons, and in addition to the land planted in cotton appellee had the use of a fine Bermuda pasture, a cane patch, a melon patch, a garden, and a comfortable and attractive dwelling house in close proximity to an excellent school to which appellee desired to send his children. Appellee in due course delivered to appellant one-fourth of the cotton raised on the land, but refused to deliver to him more than that share. Appellant sued for the difference between the value of the one-fourth and the value of one-third of the crop, and had distress warrant issued and executed, appellee subsequently replevying the property. The parties have agreed that the value of the portion of the crop sued for was $300.95. The court below rendered judgment that appellant take nothing, and this appeal resulted.

The statute upon which the court below based its holding that the contract was void provides that the landlord's lien shall—

"not apply in any way nor in any case where any person leases or rents lands or tenements at will or for a term of years for agricultural purposes where the same is cultivated by the tenant who furnishes everything except the land, and where the landlord charges a rental of more than one-third of the value of the grain and more than one-fourth of the value of the cotton raised on said land, * * * and any contract for the leasing or renting of lands or tenements at will or for a term of years for agricultural purposes, stipulating or fixing a higher or greater rental than that herein provided for, shall be null and void, and shall not be enforceable in any court in this state by any action, either at law or in equity. * * * "

It will be seen that the inhibition against a greater rental charge than one-fourth of the cotton applies only in cases where the tenant "furnishes everything except the land." In this case, however, although the jury made no finding thereon, no issue being submitted to them for that purpose, the undisputed evidence showed that appellee, the tenant, did not "furnish everything except the land." He did not furnish the dwelling in which his family resided, nor the ground on which his garden, melons, or cane grew, nor the pasture for his stock which was shown to have been worth several hundred dollars to him during the crop year. Appellant, the landlord, furnished appellee 'all these things. No consideration therefor was charged appellee, except as such consideration was absorbed in the rental of one-third of the crop grown on the farm proper. It has been held that, where additional facilities, such as those mentioned, are furnished by the landlord, the contract is taken out from under the operation of the statute, and a greater share of the crop than that fixed in the statute may be contracted for. Green v. Prince, 201 S. W. 200; Doby v. Sanders, 198 S. W. 806; James v. Blake, 206 S. W. 546.

Appellant does not specifically question the validity of the statute invoked by the court below, which has now been held unconstitutional by the Court of Civil Appeals of the Sixth District in a well-considered opinion by Mr. Justice Hamilton. Rumbo v. Winterrowd, 228 S. W. 258.

We sustain each of appellant's four assignments of error, and reverse the judgment of the trial court; and, as the agreement of the parties fixes the value of the interest sued for by appellant at $300.95, judgment will be here rendered for appellant against appellee and the sureties on his replevy bond for that amount, with all costs.

Reversed and rendered.

---

⚖=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes