## CITIZENS STATE BANK OF ALVARADO v. SCHMAUDER et al.

### No. 2208.

Court of Civil Appeals of Texas. Waco.

April 25, 1940.

T. Wesley Hook, of Alvarado, for appellant.

Irwin T. Ward, of Cleburne, for appellees.

GALLAGHER, Chief Justice.

This suit originated in the justice court. The pleadings were principally oral. The record does not disclose the nature of the same with sufficient certainty to afford a basis for an accurate or comprehensive summary thereof. The issues involved must therefore necessarily be deduced in part from the facts in evidence on the trial in the county court, to which the case was carried on appeal.

Petty, as tenant, rented from Mrs. Snyder, or Schmauder, a tract of farming land in Johnson county for the year 1938. He agreed to pay her as rent therefor one-fourth of the crop raised on the land to be planted by him in cotton. No issue concerning that part of the rental contract is involved in this suit. He agreed to pay her cash rental at the rate of five dollars per acre on fifty acres of land which he agreed to plant in corn. He raised on said fifty acres approximately 1,100 bushels of corn. He used some of the same for feed for his teams and sold some. Out of the first lot sold he paid Mrs. Schmauder $100 on the rent he owed her. On or about the 28th of August of that year he sold the remainder of his corn to the firm of Roten & Henderson and the same was then removed from the rented premises and delivered to said firm. They owed therefor the sum of $169.63. The value of the entire crop of corn raised on said 50 acres, including that sold to said firm, amounted to approximately $440. One-third of the value of the same was therefore approximately $147, or $103 less than the amount of rental Petty had agreed to pay. Mrs. Schmauder's representative asked Petty to pay her the balance due her on said rent out of the proceeds of such sale and he promised to do so and testified that he wanted to do so.

Appellant bank employed counsel, and on November 8, 1938, about ten days after said corn was removed from the premises and sold to said Roten & Henderson, caused a suit to be filed in the name of

said Petty against said firm of Roten & Henderson and Mrs. Schmauder, in which, in a written pleading, he alleged the sale of said corn to said firm and their refusal to pay for same on the ground that Mrs. Schmauder claimed a landlord's lien thereon and that said bank claimed a mortgage lien thereon. It was further alleged therein that Mrs. Schmauder had been paid in full. It was prayed that final judgment be entered in favor of said Petty for his debt against said firm, declaring that Mrs. Schmauder had been paid and applying the proceeds of such recovery upon his debt to said bank.

A trial was had in the justice court on November 15, 1938. The judgment recited that the plaintiff appeared by his attorney; that the firm of Roten & Henderson made default; that the bank appeared by its president, and that Mrs. Schmauder appeared by her brother, J. P. Kimmel, who pleaded orally for her. The court found that Roten & Henderson had purchased corn from Petty for which they had not paid; that said bank had a chattel mortgage lien on said corn, and that Mrs. Schmauder had no lien thereon. The court thereupon ordered that Petty have judgment that his creditor, said bank, recover of said firm the proceeds of the sale of said corn. Mrs. Schmauder, on November 21, 1938, appealed from said judgment to the county court.

Roten & Henderson, on December 10, 1938, filed a written pleading in said cause in the county court, in which they alleged that they had bought corn from Petty and owed therefor the sum of $169.63, and deposited said amount in the registry of the court to abide its judgment. They further alleged in that connection that they did not know to whom said money should be paid.

The case came on for trial in the county court on January 27, 1939. No further pleadings by any of the parties were shown. The court heard the evidence, and on February 2, 1939, held that Mrs. Schmauder had a superior claim on the fund deposited in court and rendered judgment in her favor against said Petty and Roten & Henderson for the sum of $150 and costs. The court ordered that the sum deposited in court be first applied to the satisfaction of said judgment. The court also rendered judgment against Petty in favor of the bank for the sum of $197 and costs. The bank, so far as shown, filed no pleadings of any kind in either the justice or county court. Its president testified as a witness in the case in the county court and repudiated the recital in the judgment that he represented the bank in the suit in either court and stated that it was his understanding that he was only a witness, and that he had employed counsel to represent the bank.

The Citizens State Bank prosecuted an appeal to this court.

■ The first contention presented by appellant in this suit is that Mrs. Schmauder, at the time the corn matured and at the time it was sold and removed from the rented premises, had no valid landlord's lien thereon to secure the payment of the $150 balance due her on the rental which Petty owed on said land planted in corn during the year 1939. The landlord is given by law a preference lien on the crop raised by the tenant on the rented premises during the current contract year for any rent that may become due, whether such rent is to be paid in money or agricultural products. It is expressly provided in that connection, in substance, that such provision shall not apply in any way or in any case where the tenant rents land at will or for a term of years for agricultural purposes where the same is cultivated by the tenant and he furnishes everything except the land and the landlord, directly or indirectly, charges a rental of more than one-third of the value of the grain raised on said land, and that in such cases no statutory lien shall attach in favor of the landlord upon any of the crops raised on such rented premises. Vernon's Ann. Civ.Stats. Art. 5222 (as amended Acts 1931, 42nd Leg., p. 171, ch. 100, sec. 1.) Prior to the adoption of the aforesaid amendment, said Article 5222, in addition to the provisions above recited, further provided, in substance, that any rental contract containing provisions for the payment of more than one-third of the value of the grain raised on the rented premises should be null and void, and that any tenant who had paid rental in excess of such amount might recover from the landlord receiving the same double the full amount so paid by him. The Supreme Court, in 1929, in the case of Culberson v. Ashford, 118 Tex. 491, 18 S.W.2d 585, held that said last recited provisions were unconstitutional and void. Said article in its amended form as aforesaid was adopted at the next session of the legislature. We think it clear that the purpose of the legislature in adopting such last amendment was

to remove objections thereto on such grounds. Said amended article had been in force for approximately seven years at the time the contract here under consideration was entered into. No reported case has been cited or found after diligent search in which the validity of the same has been questioned. The landlord's preference lien, when given, is, by the terms of said amended article, given by law. It was held in a case originating under said article prior to its last amendment that the fact that such lien was given in some cases and withheld in others did not affect the validity of such provision. Hawthorn v. Coates Bros., Tex.Civ.App., 202 S.W. 804, par. 2. There was in this case no attempt to create such lien by express contract. Neither was there any attempt to deny the landlord a right to enforce collection of the stipulated rental of five dollars per acre on the land planted in corn by an ordinary action for debt. Under the situation shown, we see no ground for holding that Mrs. Schmauder had a landlord's lien on the corn to secure the promised rental. The judgment of the trial court holding that she had such lien must therefore be reversed, and it is so ordered.

There is great uncertainty in the record with reference to the existence and sufficiency of oral pleadings necessary as a basis for the rendition of a proper judgment. Clonts v. Johnson, 116 Tex. 489, 294 S.W. 844; Brinegar v. Henderson Hdw. Co., Tex.Civ.App., 95 S.W.2d 740. The cause is therefore remanded to the county court for another trial.